## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DERRICK BARNES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERSONALIZATIONMALL.COM, LLC,<br><br>Defendant. | Case No.  1:20-cv-02232 |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Personalizationmall.com, LLC ("PMall") files this Notice of Removal of the action entitled *Derrick Barnes v. Personalizationmall.com, LLC*, No. 2020-CH-02695 (the "State Court Action") from the Circuit Court of Cook County, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.  In support of this Notice of Removal, PMall states the grounds for removal as follows:

### Procedural History and Plaintiff's Allegations

1.      On March 4, 2020, Plaintiff Derrick Barnes filed a purported class action complaint (the "Complaint") pursuant to the Illinois Biometric Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, in the Circuit Court of Cook County, Chancery Division against Personalizationmall.com, LLC.  A copy of the Complaint, summons, and all other process served on PMall is attached hereto as **Exhibit A**.  These documents are the only "process, pleadings, and orders served upon" PMall. *See* 28 U.S.C. § 1446(a).  A copy of the docket in the State Court Action is attached as **Exhibit B**.

2.      In his Complaint, Plaintiff alleges that PMall violated Section 15(a) and "all three prongs" of Section 15(b) of BIPA.  Compl. ¶ 14.  Specifically, Plaintiff alleges that PMall: (1)

"failed to inform Plaintiff in writing that his biometric information or data was being collected;" (2) "failed to inform Plaintiff of the extent of the purposes for which it collected his sensitive biometric data or to whom the data was disclosed, if at all;" (3) "failed to obtain prior written authorization from Plaintiff, regarding the collection, use, storage, or disposal of biometric information;" and (4) "failed to develop or make available a written, publicly available policy identifying its retention schedule, or guidelines for permanently destroying any biometric data, as required by the BIPA." Compl. ¶¶ 19-22.[1]

3.      BIPA allows a prevailing plaintiff to recover $1,000 in statutory damages per negligent violation and $5,000 per intentional or reckless violation, including reasonable attorney fees and other costs associated with litigation. 740 ILCS § 14/20. BIPA also permits plaintiffs to obtain injunctive relief. *Id.*

**I.      Removal is Appropriate Under 28 U.S.C. § 1332(a).**

4.      Under 28 U.S.C. § 1332(a), United States District Courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 [and] . . . is between citizens of different states . . . ."

5.      Removal of the State Court Action is proper under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

---

[1] These recitations of the Complaint's allegations are offered only for purposes of removal. PMall does not admit Plaintiff's allegations and indeed avers that it properly obtained informed written consent from Plaintiff and published its data retention and deletion policies in compliance with BIPA, and that Plaintiff's allegations are groundless.

A.    **There is Complete Diversity.**

6.    Personalizationmall.com, LLC is a limited liability company.  *See* Declaration of William Howard in Support of Notice of Removal ("Howard Dec.") ¶ 3 (attached as **Exhibit C**). While Plaintiff *alleges* that PMall is a citizen of the State of Illinois because it operates a large facility in Illinois and is allegedly headquartered in Illinois (Compl. ¶¶ 8, 10), because it is a limited liability company, PMall's citizenship is determined not by looking to PMall but rather by looking to each of its members.  *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006).

7.    PMall has a single member: Bed Bath & Beyond, Inc.  *See* Howard Dec. ¶ 4.  Bed Bath & Beyond, Inc. is a corporation organized and existing under the laws of the State of New York with its headquarters located at 650 Liberty Avenue, Union, New Jersey, 07083.  *See id.*; Form 10K Annual Report of Bed Bath & Beyond, Inc., *available at* https://www.sec.gov/Archives/edgar/data/886158/000088615819000012/bbby201910k.htm.    Therefore, PMall is a citizen of New York and New Jersey.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (a corporation's "principal place of business" under § 1332(c)(1) is its "nerve center," that is, "the place where the corporation maintains its headquarters . . . .").

8.    Plaintiff is "a natural person and citizen of the State of Illinois."  Compl. ¶ 7.

9.    Therefore, there is complete diversity of citizenship between the parties.

B.    **The Amount in Controversy Exceeds $75,000.**

10.    Under 28 U.S.C. § 1446, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Oper. Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014).  Therefore, PMall need only show facts that suggest the jurisdictional amount in controversy has been satisfied by the named plaintiff.  *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006) ("[A]

good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence."); *id.* at 511 ("[T]he amount in controversy must be satisfied by one of the named plaintiffs; aggregating claims is not allowed for purposes of determining the jurisdictional amount.").

11.     Plaintiff alleges in his Complaint that he worked at PMall in December 2019 and that every time he started and ended his work shifts he was required to scan his fingerprints to clock in and out.  Compl. ¶¶ 15-17.

12.     Plaintiff seeks statutory damages for himself and the purported class based on PMall's alleged four violations of BIPA.  Compl. ¶¶ 5, 14, 24, 34, 38-42.  This includes allegations that PMall collected Plaintiff's and the putative class' biometrics, in violation of BIPA, each time they clocked in and out without providing the proper disclosures or obtaining prior written consent.  *Id.* ¶ 15, 16, 18-23, 25; *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019) ("[T]he Court agrees with Bimbo that Peatry's complaint and BIPA together can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time Peatry and the putative class members clocked in and out of work."); *see also* Howard Dec. ¶ 6.

13.     Plaintiff and the purported class are therefore seeking up to $5,000 for each alleged BIPA violation every time they clocked in or out.  740 ILCS § 14/20.

14.     Plaintiff alleges that he worked for PMall in December 2019.  Compl. ¶ 17.  PMall's records show that Plaintiff Derrick Barnes worked on two days in December 2019.  *See* Howard Dec. ¶ 5.  Because Plaintiff alleges he clocked in and out each workday and because Plaintiff is seeking damages for PMall's alleged four violations of BIPA, Plaintiff's alleged damages exceed $75,000: $5,000 x 2 clock ins/outs x 4 BIPA violations x 2 work days in December 2019 =

4

$80,000.[2]

15.    Moreover, Plaintiff seeks statutory attorneys' fees and expenses, which "count toward the amount in controversy [because] the prevailing party is entitled to recover them as part of damages" under BIPA. *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998); 740 ILCS 14/20 ("A prevailing party may recover for each violation . . . reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses.")

16.    Therefore, the amount in controversy threshold under 28 U.S.C. § 1332(a) is met. *See Peatry*, 393 F. Supp. 3d at 770.

**II.      Removal is Appropriate Under 28 U.S.C. § 1332(d).**

17.    Alternatively, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453(b)—the Class Action Fairness Act ("CAFA")—because: (i) the matter is a class action and the number of members in the proposed class is 100 or more; (ii) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; (iii) "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B); 28 U.S.C. § 1453(b).

**A.      The Purported Class is 100 or More Individuals.**

18.    Plaintiff purports to represent a "class" of individuals defined as "[a]ll citizens of Illinois who, using the Defendant's Biometric Scanner System or other device, had their fingerprints or other biometric information collected, captured, received, otherwise obtained, used,

---

[2] These calculations are based on the Complaint's allegations and offered only for the purpose of removal. PMall does not admit Plaintiff's allegations or concede that this is a proper measure of damages under BIPA; that each time an individual clocks in or out is a separate "violation" for which additional damages may be recovered; or that alleged violations of multiple subsections of BIPA are separate and distinct violations for which damages may be recovered for each subsection allegedly violated.

or stored by the Defendant, at any of Defendant's locations in the State of Illinois in the five years preceding the filing of the Complaint." Compl. ¶ 27. Plaintiff alleges that this class, upon information and belief, "is at least 100 individuals, " that "at least one hundred individuals perform work for [PMall]," and that PMall "collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least 100 people who fall into the definition of the Class." *Id.* ¶¶ 2, 28.

### B. The Aggregated Matter in Controversy Exceeds $5,000,000.

19. As noted above, "[a] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. *See also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) ("A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence.").

20. As further noted above, Plaintiff alleges in his Complaint that he worked in PMall's warehouse in December 2019 and that PMall required its employees to scan their fingerprints to clock in and out of work. Compl. ¶¶ 15-17. PMall's records show that Plaintiff worked on two days in 2019. *See* Howard Dec. ¶ 5. Plaintiff and the purported class seek statutory damages under BIPA based on PMall's alleged "four violations" of BIPA. Compl. ¶¶ 5, 14, 24, 34, 38-42. Plaintiff is therefore seeking for himself and the purported class up to $5,000 for each alleged BIPA violation every time they clocked in or out. 740 ILCS § 14/20. *See Peatry*, 393 F. Supp. 3d at 770.

21. Even a conservative estimate of 101 individuals, which is consistent with Plaintiff's allegation that the class exceeds 100 individuals, working just 2 days exceeds the $5,000,000 threshold: $5,000 x 2 clock ins/outs x 4 BIPA violations x 2 work days x 101 individuals =

$8,080,000.[3]

22.     Alternatively, if Plaintiff does not seek up to $5000 for each of the four alleged BIPA violations every time Plaintiff and the purported class clocked in or out, and instead seek up to $5,000 for just one BIPA violation every time Plaintiff and the purported class clocked in or out, that also exceeds $5,000,000 after only 5 work days: $5,000 x 2 clock ins/outs x 5 work days x 101 individuals = $5,050,000.

####     C.     There is Minimal Diversity.

23.     As noted above, Plaintiff is a citizen of Illinois and PMall is a citizen of New York and New Jersey.  Section I.A., *supra*, ¶¶ 6-8.  Minimal diversity therefore exists.

####     D.     This Court Likely Has Subject Matter Jurisdiction Under Article III.

24.     Plaintiff alleges in his Complaint that PMall improperly and unlawfully collected, captured, received, stored, used, or otherwise obtained Plaintiff's and the purported class' biometrics. Compl. ¶¶ 1, 5.  Plaintiff further alleges that BIPA "specifically impos[es] safeguards to (a) ensure that individuals' privacy rights and control over their biometric identifiers and biometric information are properly honored and protected" and that PMall has disregarded Plaintiff's and the purported class' statutorily protected rights. *Id.* ¶¶ 4-5.  Further, Plaintiff alleges that PMall "failed to inform Plaintiff of the extent of the purposes for which it collected his sensitive biometric data or to whom the data was disclosed, if at all." *Id.* ¶ 20.  As a result, Plaintiff and the purported class seek statutory damages for each of the four alleged BIPA violations.

---

[3] As stated above, these calculations are based on the Complaint's allegations and offered only for the purpose of removal.  PMall does not admit Plaintiff's allegations or concede that this is a proper measure of damages under BIPA; that each time an individual clocks in or out is a separate "violation" for which additional damages may be recovered; or that alleged violations of multiple subsections of BIPA are separate and distinct violations for which damages may be recovered for each subsection allegedly violated.

25.     In *Miller v. Southwest Airlines Co.*, 926 F.3d 898 (7th Cir. 2019), the Seventh Circuit explained without deciding that its reasoning in *Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826 (7th Cir. 2018), *Lewert*, 819 F.3d 963, and *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688 (7th Cir. 2015) might support a finding of Article III jurisdiction in a BIPA case based on "the risk of disclosure" of biometric information.

26.     After the Seventh Circuit's decision in *Miller*, the Ninth Circuit held in *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1275 (9th Cir. 2019) that "[b]ecause . . . BIPA protects the plaintiffs' concrete privacy interests and violations of the procedures in BIPA actually harm or pose a material risk of harm to those privacy interests . . . , the plaintiffs have alleged a concrete and particularized harm, sufficient to confer Article III standing" where they have alleged that a defendant violated Sections 15(a) and 15(b) of BIPA.  *See also Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 34 (holding that no separate or additional harm must be alleged to state a claim under BIPA because alleged violations of the notice and consent provisions of Sections 15(a) and 15(b) create "real" and "significant" injury).

27.     While a "bare procedural violation, divorced from any concrete harm," will not satisfy Article III's injury-in-fact requirement, *Spokeo v. Robins*, 136 S. Ct. 1540, 1549 (2016), if the statutory violation "present[s] an 'appreciable risk of harm' to the underlying concrete interest that [the legislature] sought to protect by enacting the statute," then Article III's injury-in-fact requirement will be satisfied.  *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017).

28.     The Illinois Supreme Court has held that, through BIPA, the "General Assembly has codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information."  *Rosenbach*, 2019 IL 123186 at ¶ 33.  The Illinois Supreme

Court went further to state that "[w]hen a private entity fails to adhere to the statutory procedures, as defendants are alleged to have done here, 'the right of the individual to maintain [his or] her biometric privacy vanishes into thin air. The precise harm the Illinois legislature sought to prevent is then realized. This is no mere technicality. The injury is real and significant." *Id.* ¶ 34 (internal citation omitted).

29.     Federal courts are bound by the Illinois Supreme Court's interpretation of its own statutes. *See U.S. ex rel. Boney v. Godinez*, 837 F. Supp. 268, 272 (N.D. Ill. 1993) (quoting *Garner v. Louisiana*, 368 U.S. 157, 166 (1961)) ("It is well-established that a federal court is 'bound by a State's interpretation of its own statute and will not substitute [its] judgment for that of the State's."); *Guaranty Bank v. Chubb Corp.*, 538 F.3d 587, 590 (7th Cir. 2008) ("We are bound by the Wisconsin Supreme Court's interpretation of Wisconsin law, whether we think it right or wrong.").

**III.     The Procedural Requirements for Removal Have Been Satisfied.**

30.     PMall was served with process on March 10, 2020. *See* **Exhibit A**. This Notice is being filed within thirty (30) days after PMall first received a copy of the State Court Complaint, which is "the initial pleading setting forth the claim for relief upon which [this] action or proceeding is based." 28 U.S.C. § 1446(b)(1).

31.     Promptly after the filing of this Notice, PMall shall "give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk [of court for the State Court Action]." 28 U.S.C. § 1446(d).

32.     This Court is the appropriate venue because the Northern District of Illinois, Eastern Division is the "district court of the United States for the district and division embracing [Chicago,] where the [State Court Action] is pending." 28 U.S.C. § 1441(a).

33.     By filing this Notice of Removal, PMall does not admit the allegations or theories in the Complaint or waive any defenses, objections, or motions under state or federal law, and expressly reserves its right to move for dismissal of some or all of Plaintiff's claims.  PMall also hereby reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, PMall hereby provides notice and respectfully removes the State Court Action from the Circuit Court of Cook County, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Should any question arise as to the removal or assignment of this matter, PMall respectfully requests an opportunity to provide additional briefing and oral argument as to why removal is proper.

Dated:  April 9, 2020

*/s/ Justin O. Kay*
Justin O. Kay (ARDC No. 6286557)
justin.kay@faegredrinker.com
Christina R. Chapin (ARDC No. 6329533)
christina.chapin@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel: (312) 569-1000
Fax: (312) 569-3000

*Counsel for Defendant*
*Personalizationmall.com, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 9, 2020, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be filed on the Court's CM/ECF system, and served copies on the following parties, via their counsel at the following addresses, via first-class U.S. Mail, postage pre-paid:

> Lorrie T. Peeters
> Alejandro Caffarelli
> Katherine E. Stryker
> Caffarelli & Associates Ltd.
> 224 N. Michigan Ave., Ste. 300
> Chicago, IL 60604
> lpeeters@caffarelli.com
> Tel: 312.763.6880

> */s/ Justin O. Kay*
> Justin O. Kay

11